THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JEAN MPOULI,<br><br>                    Defendant. | CASE NO. CR19-0072-JCC<br><br>JURY INSTRUCTIONS |

The Clerk shall provide copies of this order to all counsel.

DATED this 22nd day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

JURY INSTRUCTIONS
CR19-0072-JCC
PAGE - 1

PRELIMINARY INSTRUCTION NO. 1

THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The Government charges the defendant with Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the Government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the Government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the Government must prove to make its case:

In order for the defendant to be found guilty of Counts 1, 2, 4 through 7, 9 through 12, and 14 through 17, of the offense of Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant aided, assisted, advised, procured, or counseled in the preparation or presentation of an income tax return that was false or fraudulent;

Second, the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed;

Third, the defendant acted willfully; and

Fourth, the tax return was filed with the Internal Revenue Service.

The Government is not required to prove that the taxpayer knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

For your convenience, the following chart sets forth the date of the alleged offenses in addition to the taxpayer, tax year, and alleged falsely claimed items associated with each count.  You may refer to this chart during your deliberations:

| CT. | DATE OF OFFENSE | TAXPAYER | TAX YEAR | FALSELY CLAIMED ITEMS |
|---|---|---|---|---|
| 1 | 02/14/2013 | H.M. | 2012 | Education Credits (Form 8863) |
| 2 | 02/19/2013 | G.K. | 2012 | Education Credits (Form 8863) |
| 4 | 02/11/2014 | H.M. | 2013 | Education Credits (Form 8863) |
| 5 | 04/07/2014 | A.I. | 2013 | Education Credits (Form 8863) |
| 6 | 02/14/2015 | A.I. | 2014 | Education Credits (Form 8863) |
| 7 | 04/05/2015 | A.B. | 2014 | Unreimbursed business expenses (Form 2106) |
| 9 | 02/07/2016 | A.I. | 2015 | Unreimbursed business expenses (Form 2106) |
| 10 | 02/15/2016 | A.A. | 2015 | Unreimbursed business expenses (Form 2106) |
| 11 | 02/15/2016 | H.M. | 2015 | Unreimbursed business expenses (Form 2106) |
| 12 | 04/06/2016 | Z.M. | 2015 | Unreimbursed business expenses (Form 2106) |
| 14 | 02/18/2017 | A.I. | 2016 | Unreimbursed business expenses (Form 2106) |
| 15 | 02/20/2017 | A.A. | 2016 | Unreimbursed business expenses (Form 2106) |
| 16 | 02/20/2017 | Z.M. & P.K. | 2016 | Unreimbursed business expenses (Form 2106) |
| 17 | 03/05/2017 | A.G. | 2016 | Unreimbursed business expenses (Form 2106) |

Counts 3, 8, 13, 18, and 19 were dismissed by the Government before trial.  The fact that these counts were dismissed should not factor into your deliberations in any fashion.

FINAL INSTRUCTION NO. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

FINAL INSTRUCTION NO. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE –

PRESUMPTION OF INNOCENCE – BURDEN OF PROOF


The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the Government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

PROPOSED FINAL INSTRUCTION NO. 3

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

FINAL INSTRUCTION NO. 4

REASONABLE DOUBT

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

FINAL INSTRUCTION NO. 5

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence ; and

(3)     any facts to which the parties have agreed.

FINAL INSTRUCTION NO. 6

TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCE

You have heard testimony from civilian taxpayer witnesses, who may have received benefits and/or favored treatment from the Government in connection with this case. For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether  his or her testimony may have been influenced by these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

FINAL INSTRUCTION NO. 7

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FINAL INSTRUCTION NO. 8

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

FINAL INSTRUCTION NO. 9

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FINAL INSTRUCTION NO. 10

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

FINAL INSTRUCTION NO. 11

SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

FINAL INSTRUCTION NO. 12

FOREIGN LANGUAGE TESTIMONY

You may have heard testimony of a witness who testified in the Somali language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Somali language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

PROPOSED FINAL INSTRUCTION NO. 13

ON OR ABOUT – DEFINED

The indictment charges that the offenses alleged in Counts 1, 2, 4 through 7, 9 through 12, and 14 through 17 were committed "on or about" a certain date.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in Counts 1, 2, 4 through 7, 9 through 12, and 14 through 17 of the indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

FINAL INSTRUCTION NO. 14

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# FINAL INSTRUCTION NO. 15
## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You may have heard evidence that the defendant committed other crimes not charged here. If so, you may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, knowledge, absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

FINAL INSTRUCTION NO. 16

GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from an undercover agent who was involved in the Government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances.

FINAL INSTRUCTION NO. 17

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from various IRS personnel who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FINAL INSTRUCTION NO. 18

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

FINAL INSTRUCTION NO. 19

AIDING OR ADVISING FALSE INCOME TAX RETURN

The defendant is charged in Counts 1, 2, 4 through 7, 9 through 12, and 14 through 17 of the indictment with aiding, assisting, advising, or counseling the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant aided, assisted, advised, procured or counseled in the preparation or presentation of an income tax return that was false or fraudulent;

Second, the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed;

Third, the defendant acted willfully; and

Fourth, the tax return was filed with the Internal Revenue Service.

The Government is not required to prove that the taxpayer knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

FINAL INSTRUCTION NO. 20

WILLFULLY – DEFINED

In order to prove that the defendant acted "willfully," the Government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the Government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

FINAL INSTRUCTION NO. 21

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

FINAL INSTRUCTION NO. 22

CONSIDERATION OF EVIDENCE


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FINAL INSTRUCTION NO. 23

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## FINAL INSTRUCTION NO. 24
## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

FINAL INSTRUCTION NO. 25

VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court that you are ready to return to the courtroom.

FINAL INSTRUCTION NO. 26

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.